[If you need additional space for ANY section, please attach an additional sheet and refere

**FILED**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

APR 03 2017
4-3-17
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JAMES YOUNG )
_____ )
_____ )
_____ )
Plaintiff(s), )
) Cas
UNIVERSAL SECURITY CORP )
) 17CV2524
) JUDGE DER-YEGHIAYAN
_____ ) MAG. JUDGE VALDEZ
)
Defendant(s). )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is ___JAMES YOUNG___ of the

county of ___COOK___ in the state of ___il___.

3. The defendant is ___UNIVERSAL SECURITY CORP.___, whose

street address is ___1455 N Sedgwick___,

(city) ___chicago___ (county) ___COOK___ (state) ___il___ (ZIP) ___60610___

(Defendant's telephone number) (_312_) – ___642 7447___

4. The plaintiff sought employment or was employed by the defendant at (street address)
___5700 S Cicero___ (city) ___chicago___
(county) ___cook___ (state) ___il___ (ZIP code) ___60638___

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

   (a) ☐   was denied employment by the defendant.

   (b) ☐   was hired and is still employed by the defendant.

   (c) ☒   was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)__MAY__, (day)_14_, (year)_2014_.

7.1   *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☒*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

     (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month)__DEC__ (day)__27__ (year)__2014__

     (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____ ,

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year) _____

☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c)    Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes    ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes    ☐ N0, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☒    the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month) JAN (day) 24 (year) 2017 a copy of which

*Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a) ☒ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10.  If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.  Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.  The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☒ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I HAVE 251# TEXTS TO MANAGER RoTonyA JENKINS ABout upper manAgment Being ToID ABout WRONg DoiNg At midwAy AiRpoRt. MANAGER RoTonyA JENKiNS Text Reply "NOT A GooD ThiNG" 2-22-14 SAT 9:35Am
I HAVE the TEXT. CONT

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☒ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): LOST WAGES

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g)    ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)    ☒ Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

JAMES  YOUNG
(Plaintiff's name)

5016 WEST 18 STREET
(Plaintiff's street address)

(City) CICERO     (State) il.     (ZIP) 60804

(Plaintiff's telephone number) 872 – 214 6130

Date: 4-3-17

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>440-2017-01335 |
|---|---|---|
| **Illinois Department Of Human Rights** | | and EEOC |
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)*<br><br>**James C. Young** | Home Phone *(Incl. Area Code)*<br><br>**(872) 214-6130** | Date of Birth<br><br>**1950** |
|---|---|---|
| Street Address<br>**5018 West 18th Street, Apt. 3E, Cicero, IL 60804** | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br><br>**UNIVERSAL SECURITY CORP** | No. Employees, Members<br><br>**500 or More** | Phone No. *(Include Area Code)*<br><br>**(312) 642-7447** |
|---|---|---|
| Street Address<br>**5700 South Cicero Avenue, Chicago, IL 60638** | City, State and ZIP Code | |
| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest      Latest
**02-04-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or about January 11, 2011. My most recent position was Security Officer. During my employment, I was subjected to harassment. I complained to no avail. Subsequently, I was discharged on or about February 4, 2016.

I believe I have been discriminated against because of my age, 66 (YOB: 1950), and in retaliation for engaging in protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC

DEC 2 7 2016

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Dec 27, 2016**<br>Date     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **James C. Young**
**5018 West 18th Street**
**Apt. 3E**
**Cicero, IL 60804**

From: **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

| | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2017-01335** | **Seth Sinclair,** **Investigator** | **(312) 869-8130** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[X] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

---

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Julianne Bowman,**
**District Director**

1/24/17

*(Date Mailed)*

Enclosures(s)

cc: **UNIVERSAL SECURITY CORP**
**Chief Executive Officer**
**1455 North Sedgwick Street**
**Chicago, IL 60610**

CONT._____ FACTS 1 OF 4

I JAMES C. YOUNG COMPLAINED to MY MANAGER ROTONYA JENKINS ABOUT YAVOKA CURSING AT ME AND NOT GIVING MY BREAK ON TIME AND SOMETIMES NOT AT ALL TO NO AVAIL FOR MONTHS.

5-14-14
WEN

WORKING OFF DAY CALLED MANAGER JENKINS ABOUT YAVOKA NOT AT AIRPORT OR PARKING LOT. I NEEDED MATERIALS FOR MY ASSIGNMENT THIS NIGHT I LEFT MESSAGE ON JENKINS PHONE YAVOKA CALLED ME LATER THIS MORNING CURSED ME FOR LETTING JENKINS KNOW SHE WAS NOT AT WORK. I CALLED JENKINS TOLD WHAT WAS SAID TO ME LEFT MESSAGE ON PHONE JENKINS TEXT ME BACK " OH REALLY " I HAVE THE TEXT...

9-23-14
TUE

133 DAYS LATER CALLED AND HAD A MEETING WITH PROJECT MANAGER TIM MAYBERRY AND JEFF ABOUT ON GOING HARASSMENT AND DISCRIMINATION by YAVOKA. GAVE ALL REPORTS, SHOWED MY TEXTS to JENKINS AND HER RESPONCE. DISCRIMINATION AND HARASSMENT CONTINUES YAVOKA GOT EVEN MORE BRAZEN " I DON'T CARE WHAT YOU TELL MAYBERRY I'm STILL HERE !! AINT I !!!!

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT       │
└─────────────────────────────────────────┘

# FACTS                          TIME : 10/01/2014 13:49
                                 NAME : PYRAMID
13  CONT    2 of 4               FAX  : 7739759310
                                 TEL  : 7739759898
                                 SER.# : BROL5J370099
```

| | |
|---|---|
| DATE, TIME | 10/01  13:48 |
| FAX NO./NAME | 18472992958 |
| DURATION | 00:00:18 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

Respective:  Tim Mayberry, Project Manager

You will note, after examination, that I have had extensive law enforcement and investigative experience. Further, I studied Criminal Justice and Psychology.

I feel my experience of over 18 years with the Cook County Sheriff's Department and my education makes me an excellent candidate for a "management position on your team".

Currently, I have supervised and trained new personnel on all three shifts and "Volaris" at Midway International Airport.

Should you wish to schedule an interview I would be most anxious to hear from you. Until then, thank you for any and all consideration you can give me in this very important matter

Respectfully,

James Calvin Young

CONT FACTS #13

3 OF 4

10-1-14
WEN

PER MEETING 9-23-14 At 8:30AM iN ROSEMONT I SENT FAX LETTER FOR A <u>POSSIBLE MANAGMENT</u> <u>position</u> To PROJECT MANAGER Tim MAYBERRY COPY ENCLOSED iN <u>RETAILATION</u> MANAGER JENKINS <u>ORCHESTRATED</u> THESE EVENTS TO MAKE ME QUIT. <u>MANAGER JENKINS SAID to ME; I AIN'T</u> <u>GONNA LET "yo OLD A__ "TAKE FOOD OFF MY PLATE.'!!</u> I DON'T CARE WHO YOU TELL...I HAD ASKED FOR HELP TO BECOME A MANAGER SHE SAID SHE COULD TEXT 10-2-13 5:26 pm

SAT
12-12-15
YOUOKA GAVE ME A BREAK At 4:30 AM I STARTED At 10pm To 6AM THIS WAS THE <u>FIRST BREAK</u> THEN At 6Am I WAS TOLD I WAS ON <u>STAND BY</u>, THAT MEANS WORK UNTIL YOU ARE RELIEVED. I ASKED TO GET OFF THE SHIFT..

2-4-16
THUR

JEFF WHO IS <u>NOT</u> <u>MY MANAGER</u> TAKES MY BADGE JEFF ASKED ME <u>WHY</u> DO YOU <u>WANT</u> to GET OFF 3RD SHIFT, I TOLD YOU AND MAYBERRY ABOUT YAUOKA GIVING BREAKS YOU NEVER KNOW WHEN OR IF YOU WILL GET ONE. JEFF SAYS I <u>HEARD</u> YOU THREATNED YAUOKA "WHAT I SAY" JEFF SAYS <u>I DON'T HAFT To EXPLAIN NOTHING TO YOU.</u> ZERO TOLERANCE JENKINS AND YAUOKA SITTING NEXT TO EACH OTHER SMERKING

JEFF SAYS YOUR <u>FIRED</u>..

JUDGE

4-13-16    CONT PA TS*13

JUDY M. MARTIN:    WEN

ADministrative LAW JUDGE's DECISION    CHARGE
                                        IDES 602A

I WAS NOT DISCHARGED FOR MIS CONDUCT

UNIVERSAL DID NOT PRESENT A FIRST HAND WITNESS

7-29-16
FRI

BOARD OF REVIEW DECISION    CHARGE
                            IDES 602A

the DECISION of the REFEREE is AFFIRMED

UNIVERSAL DID NOT PRESENT A FIRST HAND WITNESS

12-27-16
TUE

E.E.O.C.    File DiscrimiNATION    AGE

1.24.17
FRI

Notice of SUIT RIGHTS

3230-0143

**Illinois Department of Employment Security**
Appeals - Chicago
33 S State St - 8th Floor
Chicago, IL 60603
Phone: (800) 244-5631 · TTY: (312) 793-3184
www.ides.illinois.gov

*SENT NEXT DAY*
*4-12-16*

JAMES YOUNG
5016 W 18TH ST APT 3E
CICERO, IL 60804-1908

| | |
|---|---|
| Date Mailed: | 04/13/2016 |
| Claimant ID: | 4094973 |
| Docket Number: | 1611059 |
| Appeal Filed Date: | 03/22/2016 |
| Date of Hearing: | 04/12/2016 |
| Type of Hearing: | Telephone |
| Place of Hearing: | Chicago |

## Administrative Law Judge's Decision

(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631)

**Claimant Appellant**
JAMES YOUNG
5016 W 18TH ST APT 3E
CICERO, IL 60804-1908

**Employer**
UNIVERSAL SECURITY CORP. UNIVERSAL SECURITY CORP.
c/o NSN

**Employer's Agent**
C/O NSN
PO BOX 617640
CHICAGO, IL 60661-7640

**Appearances/Issues/Employer Status:** The claimant and employer appeared and testified. The claimant appeared without a representative. The employer was represented by NSN Employer Services. The issue is whether the claimant was discharged for misconduct connected with the work? See 820 ILCS 405/602A. The employer is a party to the appeal.

**Findings of Fact:** The claimant was employed as a security officer from 1/11/2011 through 2/4/2016, earning $12.13 per hour when he was terminated. On or about 1/28/2016 employer's witness testified that claimant made threats towards another supervisor. Employer's witness was not available when the incident occurred. Another witness testified that claimant made a threat to her about what he was going to do towards a supervisor. This threat was made in May 2015. However, the employer's witness failed to report it to management at the time. Claimant denied that he made threats towards a supervisor. Claimant did stated that he was having problems being relieved for his required breaks. He was aware of employer's policy.

**Conclusion:** 820 ILCS 405/602A provides that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become re-employed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit. The previous definition notwithstanding, "misconduct" shall include any of the following work-related circumstances. 1. Falsification of an employment application, or any other documentation provided to the employer, to obtain employment through subterfuge. 2. Failure to maintain licenses, registrations, and certifications reasonably required by the employer, or those that the individual is required to possess by law, to perform his or her regular job duties, unless the failure is not within the control of the individual. 3. Knowing, repeated violation of the attendance policies of the employer that are in compliance with State and federal law following a written warning for an attendance violation, unless the individual can demonstrate that he or she has made a reasonable effort to remedy the reason or reasons for the violations or that the reason or reasons for the violations were out of the individual's control. Attendance policies of the employer shall be reasonable and provided to the individual in writing, electronically, or via posting in the workplace. 4. Damaging the employer's property through conduct that is grossly negligent. 5. Refusal to obey an employer's reasonable and lawful instruction, unless the refusal is due to the lack of ability, skills, or training for the individual required to obey the instruction or the instruction would result in an unsafe act. 6. Consuming alcohol or illegal or non-prescribed prescription drugs, or using an impairing substance in an off-label manner, on the employer's premises during working hours in violation of the employer's policies. 7. Reporting to work under the influence of alcohol, illegal or non-prescribed prescription drugs, or an impairing substance used in an off-label manner in violation of the employer's policies, unless the individual is compelled to report to work by the employer outside of scheduled and on-call working hours and informs the employer that he or she is under the influence of alcohol, illegal or non-prescribed prescription drugs, or an impairing substance used in an off-label manner in violation of the employer's policies. 8. Grossly negligent conduct endangering the safety of the individual or co-workers. For purposes of paragraphs 4 and 8, conduct is "grossly negligent" when the individual is, or reasonably should be, aware of a substantial risk that the conduct will result in the harm sought to be prevented and the conduct constitutes a

L11L                         Page 1 of 2                         APL011L

3

JAMES YOUNG                                                        04/13/2016

substantial deviation from the standard of care a reasonable person would exercise in the situation. Nothing in paragraph 6 or 7 prohibits the lawful use of over-the-counter drug products as defined in Section 206 of the Illinois Controlled Substances Act, provided that the medication does not affect the safe performance of the employee's work duties.

The employer has the burden of proving by a preponderance of the evidence that the claimant was discharged for misconduct as defined in Section 602A. The employer did not meet its burden in this case because they failed to produce a witness with firsthand knowledge who could testify to the circumstances under which the incident occurred. Therefore, the claimant was not discharged for misconduct connected with his work, and the claimant is not disqualified from receiving benefits under the general Section of 602A of the Act.

**Decision:** The Local Office Determination is SET ASIDE. Pursuant to 820 ILCS 405/602A, the claimant is eligible for benefits, as to this issue only, from 02/21/2016.

JUDY M. MARTIN, Administrative Law Judge
Appeals - Chicago
Fax: (312) 338-6927

## FURTHER APPEAL RIGHTS

**A. LATE APPEAL:** If this appeal was dismissed without a scheduled hearing on a finding the appeal was not filed in a timely manner under the provisions of 56 Ill. Adm. Code 2720.207, this dismissal may be appealed to the Board of Review.

**B. FAILURE TO APPEAR:** IF YOU FAILED TO APPEAR AT THE HEARING, then you may request a rehearing of the appeal, but only if you failed to appear. Your request for a rehearing must state the reason/s you did not attend the hearing and why you did not request a continuance (or why a continuance was erroneously denied) (See 56 Ill. Adm. Code 2720.255(e) (1)) A request for rehearing must be made within 10 days of the scheduled hearing or first receipt of notice of hearing, whichever is later. A request for rehearing must be made in writing, to the Appeals Division, 33 S State St - 8th Floor, Chicago, IL 60603, directed to the referee Administrative Law Judge whose name appears on this decision. A request for rehearing may also be made by fax at the referee Administrative Law Judge fax number  (312) 793-1119.

You may also file an appeal to the Board of Review. It must be in writing and filed within 30 days from 04/13/2016. **See paragraph C. below.**

C. If the decision is against you then you may file a further Appeal to the Board of Review. An appeal to the Board of Review must be in writing and filed within 30 days from 04/13/2016. The appeal to the Board of Review must be mailed to the Board of Review at 33 S State St, 9th Floor, Chicago, IL, 60603 or by fax at (630) 645-3731.

**TO:** JAMES YOUNG, Claimant
**TO:** C/O NSN, Employer Agent

**CC:** UNIVERSAL SECURITY CORP. c/o NSN , Employer

L11L                              Page 2 of 2                              APL011L

4

5230-0081

**Illinois Department of Employment Security**
Board of Review
33 S State St
9th Floor
Chicago, IL 60603
Phone: (312) 793-5176 · TTY: (800) 244-5631
Fax: (630) 645-3731
www.ides.illinois.gov

I.Il..Il...I..I.I.Il...I.I..IIl.I..Il...I.I..Il..I.I..II.I

JAMES YOUNG
5016 W 18TH ST APT 3E
CICERO, IL 60804-1908

| | |
|---|---|
| Date Mailed: | 07/29/2016 |
| Claimant ID: | 4094973 |
| Docket Number: | 1611059 |
| Appeal Filed Date: | 05/09/2016 |

## Board of Review Decision

**(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631)**

**Claimant**
JAMES YOUNG
5016 W 18TH ST APT 3E
CICERO, IL 60804-1908

**Employer Appellant**
UNIVERSAL SECURITY CORP. UNIVERSAL SECURITY CORP.
c/o NSN

**Employer's Agent**
C/O NSN
PO BOX 617640
CHICAGO, IL 60661-7640

Type of Appeal: Misconduct

| Issue | Benefit Period |
|---|---|
| 602A | 02/21/2016 to 12/31/9999 |

This is an appeal by the Employer from a Referee's decision dated 04/13/2016, which set aside the claims adjudicator's determination and held that pursuant to 820 ILCS 405/602A, the claimant is eligible for benefits, as to this issue only, from 02/21/2016.

The Employer is a party to these proceedings.

We have reviewed the record of the evidence in this matter, including the transcript of the testimony submitted at the hearing conducted by telephone on 04/12/2016, at Chicago, Illinois, at which the claimant and employer appeared and testified. The record adequately sets forth the evidence so that no further evidentiary proceedings are deemed necessary.

The record discloses that the claimant was employed as a security officer for five years. He was discharged on February 8, 2016, after a supervisor reported that the claimant told her that he was going to get another supervisor fired, and that he was going to mess people up. This occurred on January 28, 2016, and the claimant did not respond to the allegation when notified of his discharge, which was for violating the employer's anti-harassment policies. No prior warnings were issued, but the employer has zero tolerance for any infractions of these policies.

The claimant denied that he made any threats against the supervisor on January 28, 2016. His testimony centered around a grievance he had with the employer about not being relieved for breaks in a timely manner, but that issue is not relevant to the employer's allegations against him. One of the employer's witnesses testified that the she heard the claimant make a threatening comment about another supervisor, but that was about seven months before his discharge, and she did not report it to management. The employer did not present a firsthand witness regarding the allegation that led to the claimant's discharge.

The standard for establishing misconduct connected with work is by a preponderance of the evidence. Under that standard, the preponderance of competent evidence taken at the hearing must lead to a conclusion that the claimant's conduct that gave rise to the discharge was deliberate and willful, i.e., intentional.

Accordingly, after a review of the record, including the testimony and the evidence presented before the Referee and the records of the Department of Employment Security, and due deliberation having been had thereon, we find that the Referee's decision is supported by the record and the law.

Page 1 of 3                    APL002L

JAMES YOUNG                                                                          07/29/2016

The decision of the Referee is AFFIRMED.

(Este es un aviso importante respecto a sus derechos a repasar por los cortes. Si no entiende, busque un intérprete.)

Notice of rights for further review by the courts:
If you are aggrieved by this decision and want to appeal, you must file a complaint for administrative review and have summons issued in circuit court within 35 days from the mailing date, 07/29/2016.

You may only file your complaint in the circuit court of the county in which you reside or in which your principal place of business is located. If you neither reside nor have a place of business within Illinois, then you must file your complaint in the Circuit Court of Cook County.

Legal references:
Illinois Unemployment Insurance Act, 820 Illinois Compiled Statutes 405/1100
Administrative Review Law, 735 Illinois Compiled Statutes 5/3-101 et seq.


TO: JAMES YOUNG, Claimant
TO: C/O NSN, Employer Agent

CC: UNIVERSAL SECURITY CORP. c/o NSN , Employer

I HAVE ASKED for TIMELY RESTROOM BREAKES by SUPV YAVOKA She comes when she gets READY MANAYER Jenkins was INFORMED of this AND posted A Set Time of 1230 Am For your BREAK AND Apprex 245 for your LUNCH Start Time is 10 pm to 6 Am YAVOKA would give ME A BREAK At 2 or 3 Am then come BACK 1 Hour Later take your LUNCH I went to upper manAgment gave All my Reports About Late AND Later BREAKS AND A Few NO BREAKS for 8 HR to Tim MAYBERRY AND Jeff Sept 23.2014 At 830 Am iN Rosemont for the NEXT 503 DAYS She would come when She WANTs I DoNT CARE what you tell MAYBERRY Im STill HERE" I HAVE BEEN Asking to get off this shift for Months I ASK MAYberry How to become A MANAGER He SAID PUT iT IN WRITTing Did 10-1.14 I HAD ASKED JENKINS 10-2-13 TEXT HAVE 12-12-15 Sat YAVOKA gives ME A BREAK At 430 Am She will Fill out the Acitivity Sheet AHEAD of Time AS To Show She is THERE BUT Thats Not the CASE then 2-4-16 JEFF Tells ME I HAVE HAD iT UP the YEAN YANG with You WHY DO YOU WANT to LEAVE the third SHIFT I SAID" BECAUSE of YAVOKA

9

AND HER NOT FOLLOWING the BRAKE AND LUNCH JEFF SAYS the BRAKES AND LUNCH ARE NOT MARKED IN STONE. I UNDERSTAND BUT I SAY EVERY DAY its DIFFERENT LATER AND LATER on (EARLY START) coming to work EARLY BY 4 HR she will still come Ce Hr into A 12 HR Shift SHE DOESNT CARRY A RADIO YOU CANT USE A phone in the AREA you cant go TO the RESTROOM AND its only APPROX 30-40 ft AWAY.

THEIR ARE only TWO PERSONS to Relieve SHE is the only one that DOES this BECAUSE of HER FRIEND SHIP with MANAGER Jenkins I HAVE TEXTs OF MYSELF to MANAGER Jenkins ABOUT YANOKA DOING This to other OFC. Ms Jenkins SAYS she would LOOK INTO it BUT nothing changes or Gets worse I Gave ALL Reports About this to JEFF THEN ms Jenkins TOOK ME OFF the 3RD Shift 1-30-16 SAT on New Scedunle 5 DAYS LATER He takes my BADGE He SAYS I HEARD YOU ARE THREATING YANOKA give me YOUR BADGE its RETATORY DISCHARGE. JEFF IS NOT MY MANAGER MS Jenkins is SHE AND YANOKA JUST SMILED.

10