IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17 C 2524 |
| ) | |
| UNIVERSAL SECURITY CORP., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

### BACKGROUND

Plaintiff James Young (Young) was hired by Universal Security Corporation (Universal) in January 2011. Young alleges that Universal began to discriminate against him in May 2014. Young alleges that he was not receiving proper break time and includes in his complaint a description of several alleged conversations he had with supervisors and other Universal employees regarding his break times. On February 4, 2016, Young's employment was terminated. Young alleges that Universal terminated him, failed to promote him, failed to stop harassment against

him and retaliated against him because he asserted rights protected under the ADEA. On December 27, 2016, Young filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA). The EEOC dismissed the charge because it was not timely filed and issued a right to sue notice on January 24, 2017. Young filed the instant action on April 3, 2017. Young includes in his *pro se* complaint one claim brought against Universal alleging age discrimination in violation of the ADEA. Universal now moves to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012);*Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127

S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Universal argues that Young failed to timely file his ADEA claim. ADEA claims filed in Illinois must be filed within 300 days of the alleged discriminatory act or unlawful practice. 29 U.S.C. §626(d)(1)(b); *See Riley v. Elkhart Community Schools*, 829 F.3d 886, 890 (7th Cir. 2016)(finding that any ADEA violation related to an incident occurring before 300 days before the filing are time-barred). In the instant action, the only allegation of age discrimination Young includes in his complaint allegedly occurred on October 1, 2014. (Compl. 11). Young was allegedly terminated on February 4, 2016, but did not file his charge of discrimination with the EEOC until December 27, 2016, 326 days later. (Compl. 7). Furthermore, Young offers no legal basis to support his cause of action. *See County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006)(stating that "when presented with a motion to dismiss, the non-moving party must proffer some legal

basis to support his cause of action")(quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)). Young's response to the instant motion to dismiss does not address Universal's arguments under Rule 12(b)(6) concerning the untimely filing of the ADEA charge. Young's response does not answer or oppose Universal's motion and offers no facts that would suggest the ADEA claim is timely. Nor has Young alleged facts that indicate the equitable tolling doctrines would apply in this case. Based on the above, the motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, Universal's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 25, 2017